CHARLES C. HANSON *vs.* J. W. DODGE.

Essex. Nov. 8, 1882. — Feb. 27, 1883. C. ALLEN, COLBURN & HOLMES, JJ., absent.

A contract in writing provided that, in consideration of certain services rendered by the plaintiff, the defendant would pay him a sum named within a certain time after the defendant had sold and received pay for six machines, which had been invented by the defendant and of which he owned letters-patent, he being at that time alone in business. Subsequently he entered into partnership with a third person in the manufacture and sale of the machines, and they sold and received pay for six machines. *Held*, that this was a sale, within the meaning of the contract, whether made for the sole benefit of the defendant, or in behalf of himself and his partner.

CONTRACT. The declaration was as follows: "And the plaintiff says that the defendant, on or about October 30, 1879, in consideration of certain services rendered by the plaintiff to the defendant, executed an agreement in writing and delivered the same to the plaintiff, of which agreement the following is a true copy, viz.:

"'Boston, October 30th, 1879. In consideration of certain services rendered by Charles C. Hanson of Lynn, I hereby agree to pay said Hanson, within ten days from the time that I shall have sold and received pay therefor three Dodge Edge Trimming Machines, the sum of two hundred and fifty dollars, also an additional sum of two hundred and fifty dollars within ten days from the time when I shall have sold and received pay for six of said machines. J. W. Dodge.'

"And the plaintiff says, that although the defendant had, on or about January 1, 1880, sold and received pay for more machines than the number mentioned in said agreement, and that on or about January 1, 1880, more than ten ·days had elapsed since the defendant had sold and received pay for said machines,

and although the plaintiff on or about said January 1, 1880, demanded of the defendant payment of said sums mentioned in said agreement, amounting together to the sum of five hundred dollars, yet the defendant neglected and refused, and still neglects and refuses, to pay the plaintiff said sum of five hundred dollars, or any part thereof."

Trial in the Superior Court, before *Wilkinson*, J., who allowed a bill of exceptions, in substance as follows:

The machine mentioned in the contract was invented by the defendant, and secured by letters-patent, which were owned by the defendant at the time the contract was made, he being then alone in business; subsequently he entered into partnership with one Fifield in the manufacture and sale of said machines.

The plaintiff, to prove the sale of six machines, according to the terms of said contract, introduced evidence tending to show that, more than ten days before the commencement of the action, the defendant, together with Fifield as his partner in business, had sold and received pay for more than six machines. The defendant objected to this evidence; but the judge ruled that a sale made by the defendant would be a sale within the meaning of the contract, whether the same was made for the sole benefit of the defendant, or in behalf of himself and his partner in business.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*J. M. Raymond & W. E. Macleod*, for the defendant.

*W. H. Niles & G. J. Carr*, for the plaintiff.

W. ALLEN, J. At the time the contract was made, the defendant was engaged in the business of manufacturing and selling the machines of which he held the patent. He subsequently took a partner in the business, and, after that, the co-partnership sold the machines, and received pay therefor. We think that this was a sale of the machines by the defendant, within the meaning of the contract; and that the ruling of the court was correct.          *Exceptions overruled.*